UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| KENNETH W. SHORT, III, | ) | CASE NO. 1:07 CV 2773 |
| | ) | |
| Petitioner, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| STUART HUDSON, | ) | <u>AND ORDER</u> |
| | ) | |
| Respondent. | ) | |

On November 13, 2007, petitioner <u>pro se</u> Kenneth W. Short filed the above-captioned habeas corpus action under 28 U.S.C. § 2254. Short is incarcerated in an Ohio penal institution, having been convicted, in November 1997, of aggravated murder with a firearm specification and having a weapon under disability. The petition reflects that Short filed a delayed appeal to the Ohio Supreme Court in 2005, which was denied. Further, he filed several postjudgment motions in the trial court which were also denied, as was a November 2004 Application to re-open his appeal. For the reasons stated below, the petition is denied and this action is dismissed.

A federal district court may entertain a petition for a writ of habeas corpus by a person in state custody only on the ground that the custody violates the Constitution or laws of the United States. Furthermore, the petitioner must have exhausted all
available state remedies. 28 U.S.C. § 2254. Finally, persons in custody

pursuant to a state court judgment must file any federal habeas petition within one year of the latest of:

> A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Section 2244(d)(2) provides:  "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

It is evident on the face of the petition that almost 10 years passed from the date of his conviction to the filing of Short's petition. His delayed appeal, postjudgment motions, and  application to reopen his appeal - unavailing because of their  gross untimeliness - cannot "retrigger" the statute of limitations for bringing a federal habeas action.  Searcy v. Carter, 246 F.3d 515 (2001); Robinson v. Moore, No. 00-4348, 20 Fed.Appx. 358, 2001 WL 1136056 (6th Cir. Sept. 19, 2001). Therefore, the petition must be dismissed as time-barred.

Accordingly, the petition is denied and this action is

dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[1] Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

    IT IS SO ORDERED.

                                    S/Peter C. Economus - 11/29/07
                                    PETER C. ECONOMUS
                                    UNITED STATES DISTRICT JUDGE

---

[1] This court is aware of Day v. McDonough, 547 U.S. 198, 210 (2006), but does not interpret the "notice to be heard" requirement in that case as applying at the Rule 4 of the Rules Governing Section 2254 Cases screening stage of the case, when the petition is patently untimely.